at all, appeal number 19-1112, and Spencer Yachts, Incorporated v. Sean Alonzo et al., appeal number 19-1114. Attorney Stroop, please introduce yourself for the record and proceed with your argument. Yes, good morning. Jim Stroop on behalf of Joseph Daniel Spencer and Spencer Yachts, if you may please the court. This is an interlocutory appeal based on an admiralty claim involving a grounding in the territorial waters of Puerto Rico that occurred in 2016. The manufacturer of the yacht is Spencer Yachts, Inc. Daniel Spencer was on board at the time of the grounding and control. And there was also a permanent captain for the vessel, a Sean Alonzo, who's the third party defendant, who was alleged to be vicariously liable for the grounding incident. The yacht at the time of the grounding was under the operational control of Mr. Sapka. Mr. Sapka employed Mr. Alonzo. Mr. Sapka paid for the operation of the yacht, paid for dockage, fuel. Mr. Sapka procured a marine insurance policy for $5 million in his own name, insuring the yacht. And we believe we have pled enough facts that were stated clearly for the district court to analyze the counts for vicarious negligence and for negligence. It would help us a lot if you could imagine two scenarios. One, this case goes forward the way you want it to. And the second scenario is it goes forward the way the district court has said it will go forward. Everything else exactly the same. Could you explain how those cases could possibly come out differently in the end as far as how it affects your clients? Absolutely, Your Honor. If we can prove that Mr. Sapka was the bare boat or demise charterer of this boat in operational control, he would have the full legal liability for the grounding. And that would give Spencer Yachts a complete release in terms of a judgment for Spencer Yachts from any liability for this grounding incident. It would also give my client, Daniel Spencer, the ability to have a defense paid for by Mr. Sapka's marine insurance policy under the omnibus insured or additional insured clauses. And we believe that that is a markedly different relief than contribution or indemnity. You mentioned two differences. As to the first one, I think you need to explain it a bit more because I think you're positing that if you proved Mr. Sapka was fully responsible, then you would have no liability. Wouldn't that also follow under the stipulation that if he is an agent for the plaintiff and is fully responsible, that would be a complete bar to recovery against you by the plaintiff? If we do not have Mr. Sapka in the lawsuit as an individual third-party defendant, we will be deprived of our opportunity to do discovery, to prove that he was, in fact, a bare-boat charterer. You've gone on to now a third issue, but I want to understand this first one. If you, however, proved that he was fully liable so that under your scenario, you would get off the hook entirely, wouldn't it also follow that under the judge's scenario, you would also get off the hook if he was fully responsible as an holdover, Mr. Sapka directly liable to the plaintiff of Funday Charters and bring with him his $5 million worth of marine insurance. The marine insurance will not be triggered by an affirmative defense allegation of contribution or indemnity. Let's separate out for a moment duty to defend from duty to indemnify. As far as the duty to plaintiff of Funday, they might be the one who want to trigger the duty to indemnify. They could make a claim, there's no doubt about that, but they haven't. Rule 14c allows us to implead them, Mr. Sapka, and bring him directly liable to the plaintiff. We believe that's the only mechanism available. No, but just to answer Judge Caddo's question, why does the duty to indemnify, why do you care about the duty to indemnify? Well, because we know someone's going to pay for this loss and we want to bring the insurance policy to the table. But I don't fully understand why if under the scenario the judge would have the case under, if you can prove out that you are not liable because there was another person responsible for it, you have zero liability, so what do you need the insurance for? Well, I guess what I tried to say earlier, Your Honor, is without the ability to pursue Mr. Sapka as a third party defendant, we will be hampered in our ability to prove his status as a bare bone charter. We won't have any process available to us to gain his cooperation in Trinidad. Counsel, you keep using this phrase, bare bone charter, as if it has some special significance in admiralty law. Does it have some particular significance that we may not appreciate? Why do you keep using that characterization, that label? What's the import of that? It does, Your Honor. A bare bone charter, or otherwise sometimes called a demise charter, acts as an owner pro hoc fiche. It has full operational control, commanded the vessel, makes all decisions concerning the navigation of the vessel, and can be held liable to the legal owner of the vessel for negligence that happens during the charter that causes damage to the vessel. And that has significant meaning in maritime law. And that is what we have alleged in our third party complaint. We inartfully labeled the counts for vicarious liability and negligence as contribution or indemnity against both Mr. Alonzo and Mr. Sapka. And for that, I apologize. But the fact that we... Time has expired. Are there other questions here? Well, I wanted to hear the follow-up to the question I think you're going to ask, which had to do with the... Assuming there's no real interest in the duty to indemnify, you then said that there would be a problem with you being able to pursue discovery against Mr. Sapka unless you were able to bring the action directly against him as a defendant. And I wanted to hear you about that, but I wanted to hear Judge Gallin when I thought I was going to ask a question about that. Well, you anticipated the question I was going to ask. We asked you what practical... We're trying to explore what practical difference is. You cited first that the case could come out differently on indemnity or triggering. And at least as far as this judge is concerned, I didn't hear anything there. But you then cited a second reason, which is your ability to conduct discovery, that certain discovery can be triggered against the party more easily than they can be against the non-party, which is a fair point. Did you raise that below or pursue a stipulation that this gentleman would respond to discovery as if he were a party? Your Honor, we attempted to get the attorneys representing Mr. Sapka and Mr. Alonzo to waive service of process, to agree to their service. We couldn't get that accomplished. We had to research the issue. Trinidad, Tobago, not a party to the Hague Convention. We had to go through the State Department, getting letters, rogatory issued, sending them through diplomatic channels. We informed the lower court that this would take a year or more. To be candid, we still haven't received the return for our attempts to serve Trinidad and Tobago Insurance, Inc. So, there is a real problem we will have if the district court does not let us reinstate the counterclaim, the third party complaint, I'm sorry, and bring these individuals before the court, because we will have absolutely no ability to get them to deposition or get documents from them. Okay. Thank you, Judge Barron. Did you have a follow-up? Just one more. The third reason I thought you gave was the duty to defend might be triggered. I'm just trying to figure out how that would work, practically speaking, in a way that would matter. I'm just trying to think about the timing of when it would be if Daniel Spencer has the third party complaint reinstated and Mr. Sapka is in the litigation, he will no doubt report it to his marine insurer that issued a policy of insurance that contains an omnibus insured or additional insured clause that would cover Daniel Spencer's defense from the lawsuit asserted by a Funday Charters Act. And would that be triggered upon the complaint being permitted to go forward against Mr. Sapka is the idea? That would be our position, and we would write to the insurance company telling them that. And you think Spencer alone cannot trigger that? Spencer cannot, you mean if Spencer were to pursue a third party complaint? Just right now, Spencer's saying, hey, I've been sued and I'm covered under the omnibus clause, so please defend me. The answer is, your honor, is we've already sent that letter and it was ignored and we never received a response. I said they're not making you feel warm and fuzzy about cooperation here. Thank you. Are there any more questions for Mr. Stroop? Thank you, your honors. Thank you, Mr. Stroop. If you could mute your audio and video at this time, and Mr. Lowe, I think we can still see you. Can you please mute your video? I don't know if that's possible, or if you're having trouble with that. I'm having trouble with that, sorry. Okay. Judge, would you like to proceed understanding that he's going to be visible?  In dark light, but he's perfect. Yeah, all I mean is we're going to hear from Mr. Naughton now, and Mr. Lowe, we can't seem to get him off the screen. So if it's okay with you, we'll just proceed with him on the screen. Yes, go ahead. Thank you very much. Attorney Naughton, I believe that we're going to hear from you next. If you could please unmute your audio and video and introduce yourself for the record. Good morning again. My name is Clay Naughton. I represent the appellees, Sean Alonzo and Anthony Norman Sabka. Please proceed. May it please the court. The district court correctly dismissed the appellant's third-party complaints against Mr. Alonzo and Mr. Sabka. These third-party complaints are limited to claims for indemnity and contribution, and they duplicate the appellant's affirmative defenses, which raise the exact same defenses. That's not true in admiralty law, is it? I thought under admiralty law, a third-party defense, you could also claim that the third-party defendant is directly liable to the plaintiff. That's the whole purpose of the exception under Rule 14. You know, there could be a claim for direct liability. Here, there is only a claim for contribution and indemnification. But even if there was a claim for direct liability, there are no damages that have been suffered by either of the appellants, other than they may have to pay a fundee some amount as an award. So because there is no additional amount of damages, the result is exactly the same. In other words, please. Sure. Let me explore this with you. The rule, if you just read the rule, it says that as a can bring a third-party complaint. So they've done that. There is no rule that says a court can refuse to let them do that if they don't have a practical benefit from it or otherwise. The court has done that. So we've explored whether there's any practical ramifications at all. And you've heard Mr. Stroop say, well, one big one is that my right, the procedures for seeking discovery from a non-party are different than they are from a party, which is certainly correct. It's easier to conduct discovery against the party. So what do you say to that argument? Your Honor, under Federal Rule of Civil Procedure 14C, a party, a third-party plaintiff may, quote, bring in a third-party defendant who may be wholly or partially liable either to the plaintiff or to the third-party plaintiff for remedy over contribution or otherwise on account of the same transaction occurrence or series of transactions or occurrences. Now, in this case, there's been a stipulation that Mr. Alonzo and Mr. Sobka were at all times the agents or employees of a Funday and were within the course and scope. Well, let me interrupt you there. There isn't what we would normally call a stipulation. There is one party to a case has conceded that point, but there's no stipulation with the other party. Your Honor, that's correct. The stipulation, quote, unquote, came from an interrogatory that was before the court that was not objected to, that nobody disputed. It's just an undisputed document in the record. And we've cited some records. I have no duty. If I ask you an interrogatory, were you driving the black car and you answer the interrogatory said, no, you weren't even there. I don't need to respond to that if I think you are not telling the truth. That's your answer to interrogatory. We go on with the suit. I try to disprove it. Your Honor, the other finding that the court made on that issue was that there were no allegations that plausibly made out a claim for the individual negligence of the two appellees here, of Mr. Sabga and Mr. Alonzo. What the court said was that those allegations simply showed that they were acting as the agents of a Funday. The court essentially ignored... But what it points to in that regard don't seem to me to support the district court's conclusion because they show that there's a relationship between Mr. Sabga and the boat. But I don't see what language there is that it's pointing to that would establish the agency relationship when the claim is that there was none. I think what the court found was that the various allegations all show that at all times Mr. Sabga, relevant here of course, Mr. Sabga and Mr. Alonzo were working for the benefit of the vessel and the vessel owner is a Funday. You know, it's not in their personal interest to captain the boat. It's not in their personal interest to... But doesn't the complaint, it doesn't the four, the complaint to 14c, isn't that claim that he is personally liable because it's a bare-bone charter or is it that not the allegation? I think that is the allegation except they don't mention... If you make that allegation you're going to have to say that he's got a connection to the boat. So I don't really see why the fact that there's an allegation that there's a connection to the boat defeats the basic claim. It's a plausible claim. It's not like it's a claim that he's got a bare-bone charter of a boat he has no connection to. They're saying this is the very boat. He's tied to that very boat. We're alleging that it's a bare-bone charter relationship. End of story. What's wrong with that? Under normal pleading that would seem to be all you'd need. Well there is no allegation of a bare-bone charter in the third party complaints. Instead there are conclusory allegations that say they were acting in their individual capacity. Mr. Alonzo and Mr. Sogno were acting in their individual capacity. Yeah, but that's effectively the same thing when they say individual capacity. The claim is that he has not got an agency relationship to the company that's tied to the boat because he's got a direct relationship with respect to the boat. Now what's wrong with that? Why does there need to be more in terms of allegations than that? The one way the district court answers that is I understood it was the point to this boat stipulation but of course that's not a stipulation between the parties to the suit under 14c. So I don't really see what's lacking with respect to the complaint that's filed in 14 and pursuant to 14c. I just am not following that. Well the court looked at the the allegation the bare allegation of a legal conclusion that they were not agents that these gentlemen were not agents that they were acting as individuals and as it's entitled to do did not accept those conclusions and then looked at the actual factual allegations and after analyzing those allegations appeared to find that there was no that the facts did not. What was what's in other words I want to say they're not an agent so I say they have an individual relationship. I want to say they're tied to the boat so I plead allegations which are disputed that there is a tie to the boat. What's missing there? What factual allegation are you looking for that wasn't there in the complaint? That there is some sort of self interest served by their actions rather than just the interest of the vessel that is owned by Funday charters. Isn't that something you'd explore in a motion for summary judgment? Well perhaps it seems they they tried to plead and they got cut off and so we would use the 12b6 standards I suppose not rule 56 because they haven't done any discovery. Well your honor I think going back to the interpleader the only way you you get there in 14c is to show that somebody is liable you know directly liable. So a party has to have some sort of liability to either the plaintiff or to the third party defendant. That's the allegation that they do right? That's what this complaint is saying under 14c. That is what the complaint says in a conclusory fashion but I think that the there actually needs to be some sort of factual plausible factual basis. It's not just conclusory don't they say they say something about him in the boat. I didn't get the sense that he in the boat was strangers so that he wasn't like exercising some control here. No there are allegations that that Mr. Sabga was involved with the vessel but not any any allegation or any explanation for how his involvement was with the vessel was for some sort of self-serving purpose rather than for the purpose of of of his agency and in furtherance of his agency relationship with why why do they have to prove that he's not an agent he could still even if he's an agent he could still be liable to them. Well I think that's correct your honor and in which case there'd be comparative there'd be comparative fault you know whether they're an agent or or whether they're uh not an agent whether there's some in an individual capacity the comparative fault analysis results in the same offset for the plaintiffs. But then why are you complaining? Well it's a duplication of the proceedings unnecessarily to have yet another third-party complaint. Okay and then their answer back to that is yeah well you think that but for them it helps them get discovery and if that's true then that's not a reason not to let the complaint go forward that you would rather it be easier. Well on the discovery front the uh the the discovery that they're seeking would be able to flow through a funday charters we're talking about Mr. Sabga who is the principal and the president of funday charters and the employee the captain who's employed by a funday charters so these are individuals who are presumably in the control of if they're really seeking discovery against him not as an agent because if it's as an agent they've already got the stipulation there's no there's no dispute about his role as an agent is that the idea? I don't I don't I don't really see a distinction between his actions as uh for the vote but but my my um what I was what I believe is the is there's no practical effect the discovery because uh the discovery can be obtained for Mr. Sabga related to that I'm sorry I guess what I'm just saying if the claim is that he had a bare bone charter bare boat charter and they are claiming that he had a relationship independent of a funday vis-a-vis the boat so he was the master of the whole thing and the charter company had the funday had nothing to do with it that's the argument with respect to the boat is that the I that's what I understood the effort under 14c to show direct liability that's what you're saying the complaint doesn't suffice to show. Correct. Okay well with respect to that what you can the practical benefit of that is they would like to do discovery on Sabga to Sabga to prove that and they make the case that they can't do that if he's not a party all of which is fairly cogent which just takes you back to the same point you've been making which is the complaint can't fairly be read to allege his relationship to the boat in that direct manner everything ran through a funday that's your position right? I think that's what the court held and no but I guess going back to it I just don't see where in the complaint the complaint is alleging that everything ran through a funday rather than that there was a direct relationship between Mr. Sabga and the boat and then the only thing that I see the district court pointing to are statements directly describing from the complaint that relationship plus the stipulation which seems problematic to rely on since it's not between the parties to the 14c complaint. You know you're in a little bit of a tough you're in a little bit of a tough spot here because you're trying to convince us that both parties have spent all this money on this appeal and how we rule makes no difference at all to either party. Unfortunately I think that whether the appeal succeeds or fails we're in the same situation regarding liability issues which is really what is at stake here. What about insurance? You know insurance hasn't been an issue as far as I'm as far as I know up until this moment so I'm not I'm not sure how the insurance situation really really would play into it or what the terms of that insurance policy are. Well that's not quite correct they we asked for supplemental filings they pointed to the insurance and their supplemental filing which you received before you filed yours and you made no response whatsoever on that point. So it's not like it just came up for the first time. Well your honor I think that the marine insurance issue is irrelevant because a funday is if a funday is liable a funday is the only plaintiff if a funday is found liable for the damages here but then there's no liability for Spencer Yachts so why is it why is it important that there is coverage for this? Well because you heard what Mr. Stroop just said that it would potentially trigger defense coverage for Spencer. Yeah I suppose it would depend on the actual language of the policy which we haven't which is not before the court it's not in the record. I'm sorry Mr. Knott there's one point I want to make sure that I'm grasping is you are are your arguments to us I understand there's the argument about how to read the that there was the direct connection between Mr. Sapka and and the boat rather than through a funday so putting that aside assuming I didn't agree with you on that I hear you suggesting that because the complaint is styled as a contribution complaint it that it makes no practical difference save for pick perhaps this uh duty to fend issue under the contract which you say they haven't put any of that in the record if I thought the complaint could fairly be read to be making a vicarious liability claim rather than a contribution claim would your argument be different to us because then it seems fairly clear that it's a materially different practical outcome because if they can show vicarious liability um and then they're off scot-free and then their argument is and to show vicarious liability it does matter whether it's a party that I'm suing or a non-party does that make sense to you in other words you keep emphasizing this contribution point in the complaint the way it's styled and I guess I'm wondering whether that really is a important point or not and I know Mr. started off by saying that you know it was an artfully stated in the complaint but maybe that's significant that it was styled as a contribution claim well I think they also have vicarious liability claims in fact I'm sure they have vicarious liability affirmative defenses um but uh I'm I'm not sure what that that would would have an effect I'm just not I'm just not sure any more questions for counsel thank you Mr. Norton thank you Mr. Norton at this time please mute your audio and video Mr. Lowe I believe you're going to do rebuttal for three minutes yes um thank you very much uh this is David Lowe for the appellants may it please the court um I'm still not sure my video is on but I hope you can hear me we can we can see and hear you okay great thank you very much so I appreciate what Mr. Norton has been saying in response to our appeal I just wanted to emphasize to the court that with respect to 14c rule 14c of the federal rules of civil procedure and we're in effect tendering both Mr. Sabka and Alonzo to in effect act as the operator of the vessel going forward we we take the position that the vessel was traveling from the United States to ultimately Trinidad and Tobago at the direction of Mr. Sabka we take the position that he was hiring Mr. Alonzo as well as Mr. Dan Spencer and also Mr. Blanchard to arrange for the delivery of the vessel under those particular circumstances so we take the position that the operational control at the time of the grounding lies with in effect Mr. Sabka because he was the one that was directing the vessel and how many of the words you're using are in your complaint those particular words are not used in the third party complaint we we agree with you going forward when we were drafting the third party complaint we use the terms indemnity and contribution only to track the language of rule 14c and we tried to assert as many facts as possible as we understood them at the time when we filed the complaint and when we filed the third party complaint keep in mind we haven't done any depositions we've exchanged some paper discovery going forward and we also offered to the court the opportunity to amend to provide additional detail going forward so I appreciate Judge Barron what you're particularly saying that we could have done a better job in drafting the third party complaint and I agree with Mr. Stroop that it was drafted somewhat inartfully but I mean it could be fairly construed to be pleading just an agency relationship no judge I don't think so what's in the complaint that makes it clear that's not the that's not a fair construction what we're trying to say is that Alonzo as well as Mr. Sopko just refer to the language in the complaint what are the words in the complaint that would support your position that fairly read that complaint is not pleading the agency relationship well if you go to the third party complaint for example for Mr. Dan Spencer's we take the position for example that Mr. Alonzo breached his duty reasonable care with respect to managing the vessel operating the vessel at that particular time also we take the position that Mr. Sopko it was individually negligent with respect to checking whether or not Mr. Alonzo was properly trained or suitable to act as the permanent captain now keep in mind that we take the position that Mr. Alonzo was driving the vessel at the time of the ground but you keep saying we take the I'm just talking what's the complaint say right so we do take all those facts are set forth in the third party complaints both of them right that Mr. Alonzo was manning the vessel at the time of the ground right we both those third party complaints time has expired but that that's sort of neither here nor there for the issue of agency right well we take the right I understand what the court is is saying with respect to that but as a party to the case we're trying to tender them to the plaintiff and stand in as the real operator of the vessel as opposed to Spencer Yachts and or Dan Spencer is there some word in the complaint that says that not in so many words your honor no I don't believe that it says that but we do take the position that they were individually liable and that their liability but I guess maybe that's a reason to let you amend the complaint I've just a little bit puzzled how a district court's supposed to read your mind as to what your position is other than what you say in the complaint and other than our motion papers your honor yeah thank you that concludes the arguments for today this session of the honorable united states court of appeals is now recessed until the next session of the court god save the united states of america and this honorable court counsel you may disconnect from the meeting